U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC 2 2 2000

ROBERT H. SHEMWELL CLERK
BY_____
DEPUTY

47749

**CARLTON GENE RINEHEART,**
**KAREN ANN RINEHEART,**
**GLEN EDWARD RINEHEART,**
**NANCY RINEHEART,**
**KIRBY BETHEL RINEHEART**
**AND BARBARA JANE RINEHEART**

**VERSUS**

**CIBA-GEIGY CORPORATION, ET AL.**

**NUMBER:   DIVISION:**

**18TH JUDICIAL DISTRICT COURT**

# 00-2826 L-C

**PARISH OF IBERVILLE**

# JUDGE HAIK
## MAGISTRATE JUDGE TYNES

**STATE OF LOUISIANA**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

Plaintiffs, Carlton Gene Rineheart, Karen Ann Rineheart, Glen Edward Rineheart, Nancy Rineheart, Kirby Bethel Rineheart and Barbara Jane Rineheart on behalf of themselves  and as representative of a class of persons similarly situated, make the following allegations against the Defendants:

1.

Made **defendants** herein, who are liable in solido are:

1.    Martin Fontenot, domiciled in the State of Louisiana;

2.    Murry McMillan, domiciled in the State of Louisiana;

3.    Robert Babb, domiciled in the State of Louisiana;

4.    Cyril Hinds, domiciled in the State of Louisiana;

5.    Clean Land, Air, Water Corporation, a Louisiana Corporation

6.    Environmental Purification Advancement Corporation

7.    Rollins Environmental Services of Louisiana, Inc, a Louisiana Corporation

8.    Ciba-Geigy Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana.

9.    Mobil Chemical Corporation, a foreign corporation authorized to do and doing business  in the State of Louisiana

10.    Basf-Wyandotte Corporation, a foreign corporation authorized to do and doing business  in the State of Louisiana

11.    Dow Chemical Company, a foreign corporation authorized to do and doing business  in the State of Louisiana

12.    Exxon Chemicals, a foreign corporation authorized to do and doing business  in the State of Louisiana

13.    Thompson-Hayward Chemical Company,  a foreign corporation authorized to do and doing  business  in the State of Louisiana



14.  Louisiana Power & Light Company, a Louisiana Corporation

15.  MacKenzie Chemical Works of Louisiana, Inc., a Lousiana Corporation

16.  United General Insurance Exchange a foreign corporation authorized to do and doing business in the State of Louisiana

17.  Bordon, Incorporated, a foreign corporation authorized to do and doing business in the State of Louisiana

18.  Kaiser Aluminum & Chemical Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

19.  Warren Oil Company, Inc., a Louisiana corporation

20.  Hercules, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

21.  Good Hope Refineries, Inc, now known as Transamerican Natural Gas Corp., a foreign corporation authorized to do and doing business in the State of Louisiana

22.  Nalco Chemical Company, a foreign corporation authorized to do and doing business in the State of Louisiana

23.  Stauffer Chemical Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

24.  Helena Chemical Company, a foreign corporation authorized to do and doing business in the State of Louisiana

25.  Tennaco, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

26.  Gulf Interstate Engineering Co., a foreign corporation authorized to do and doing business in the State of Louisiana

27.  Marathon Oil Company, a foreign corporation authorized to do and doing business in the State of Louisiana

28.  Vulcan Materials Company, a foreign corporation authorized to do and doing business in the State of Louisiana

29.  Martin Marietta Corporation,a foreign corporation authorized to do and doing business in the State of Louisiana

30.  Dowell, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

31.  Halliburton Company, a foreign corporation authorized to do and doing business in the State of Louisiana

32.  Browning Ferris, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

33.  March Chemical Company, Inc., a Louisiana corporation

34.  Chemical Weed, Inc., a Louisiana corporation

35.  Browning Ferris Industries of Louisiana, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana only

36. Matlack, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

37. R & P Trucking, Incorporated, a Louisiana corporation

38. S.H.J., Incorporated, a Louisiana corporation

39. Hydro Chem Services, Inc., a Louisiana corporation

40. Velsicol Chemical Company, a foreign corporation authorized to do and doing business in the State of Louisiana

41. Vinings Chemical Company, a foreign corporation authorized to do and doing business in the State of Louisiana

42. Vicksburg Chemical Company, a foreign corporation authorized to do and doing business in the State of Louisiana

43. Chemwaste, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

44. Oxirane Chemical Company, a foreign corporation authorized to do and doing business in the State of Louisiana

45. Pacific Resins & Chemicals, a foreign corporation authorized to do and doing business in the State of Louisiana

46. Chemdyne Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

47. Waste Systems, Inc., a Louisiana corporation

48. Conservation Services, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

49. Chemform Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

50. D & D Brine Services, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

51. Diamond Shamrock Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

52. Dynamic Exploration, Inc., a Louisiana corporation

53. Eagle River Chemical, a foreign corporation authorized to do and doing business in the State of Louisiana

54. Earth Industrial Waste Management, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

55. Eltex Chemical & Supply Company, a foreign corporation authorized to do and doing business in the State of Louisiana

56. Georgia Pacific Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

57. Gilmar Marine Services, Inc., a Louisiana corporation

58.   G-H Fluid Services, Inc., (formerly Gulf Coast Pre-Mix Trucking), a foreign corporation authorized to do and doing business in the State of Louisiana

59.   Hercofina, a foreign corporation authorized to do and doing business in the State of Louisiana

60.   Louisiana Vacuum Service, Inc., a Louisiana corporation

61.   Melamine Chemicals, Inc., a Louisiana corporation

62.   Nordix, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

63.   Ohmstead of Louisiana, Inc., a Louisiana corporation, now known as Ohmstead, Inc. a foreign corporation

64.   Reagent Chemical & Research, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

65.   Shell Oil Company, a foreign corporation authorized to do and doing business in the State of Louisiana

66.   Triad Chemicals, a foreign corporation authorized to do and doing business in the State of Louisiana

67.   Weatherford-Lamb, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

68.   Industrial Haulers, Inc., a Louisiana corporation

69.   Texas Brine Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

70.   Prudhomme Truck Lines, a foreign corporation authorized to do and doing business in the State of Louisiana

71.   Monsanto Company, a foreign corporation authorized to do and doing business in the State of Louisiana

72.   Chemical Leaman Tank Lines, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

73.   Cos Mar, Incorporated, a foreign corporation authorized to do and doing business in the State of Louisiana

74.   American Hoechst Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana

75.   McNair Transport, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

76.   Malone Trucking Company, a Louisiana corporation

77.   Warren Petroleum Company, a foreign corporation authorized to do and doing business in the State of Louisiana

78.   General Electric, a foreign corporation authorized to do and doing business in the State of Louisiana

79.   Teledyne Industries, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana

80.   Martin Chemical, Inc., a Louisiana corporation

81.   Frazier Land Company, Inc.,a foreign corporation authorized to do and
      doing   business  in the State of Louisiana

82.   Truck Hauling & Rental, Inc., a foreign corporation authorized to do and
      doing   business  in the State of Louisiana

83.   Reunion Transport Company, a foreign corporation authorized to do and
      doing   business  in the State of Louisiana

84.   Uniroyal, Inc.a foreign corporation authorized to do and doing business  in the State
      of Louisiana

2.

Upon information and belief, Plaintiffs show that from a period of time commencing during

1976 until the present, the defendants either owned, maintained, operated, transported to, produced,

manufactured, formulated, generated, caused to be stored, burned, buried, or injected toxic and/or

hazardous materials at sites or locations situated on property in Iberville Parish, Louisiana, said sites

commonly known as the Environmental Purification and Advancement, Inc. site, and the Clean Land,

Air & Water, Inc. site, sometimes referred hereinafter as the "sites" or "subject property."  Plaintiffs

either worked at the Claw Facility, owened property affected by the hazardous materials and or

resided adjacent to the disposal facility for the period discussed above.

3.

During the time period alleged, supra, the defendants produced, manufactured, formulated,

generated, shipped, transported, caused to be transported, buried, burned, injected or disposed of

certain hazardous, toxic, and carcinogenic materials including, but not limited to, atrazine; hydroxy

triazines; dichloro triazines; chloro triazines; metolachlor; chlordimeform; dimethyl formamide; 4-

chloro-2-methylaniline;  2,4-dimethyl  phenol;  1,2-dichlorobenzene;  1,3-dichlorobenzene;  1,4-

dichlorobenzene; chlorotoluene; xylene; xylene bottoms; toluene; benzene; chloroform; carbon

tetrachloride; chromium; zinc; cobalt; mercury; lead; arsenic; hexane; methanol; methylene chloride;

contaminated spent lime; polynuclear aromatic hydrocarbons; ethylbenzene; dimethyl disulfide; diethyl

disulfide; dithiohexane; adiponitrile; phenol; o-cresol; p-cresol; benzoic acid; toluic acid; benzoyl

chloride; sulfur wastes; glycols; allyl chloride; spent acids; aluminum chloride; aluminum silicate; p-

aminodiphenylamine; ammonium bifluoride; ammonium bromate; aniline; asbestos slurry; bender

caustics containing phenolics; benzothiazole; benzoyl alcohol; benzoyl chloride residue containing

benzoyl chloride, benzylic anhydride, polymeric tars, and toluene; boric acid solution; CBE waste

containing methyl benzoate, 2,3-dichlorobenzoate, m-chlorobenzoate, chlorobenzoic acid, o-chlorobenzoate, iodine, 2,5-dichlorobenzoate, and ferric chloride; chlorinated hydrocarbons containing toluene, DCPD alcohol, benzoic acid, cobalt, and methendric anhydride; m-chloromethyl benzoate residue; chromium hydroxide sludge; D-30 bottoms containing hexachlorobicycloheptadiene, hex vinyl chloride, isodrin, and organic chlorides; Dicamba by product containing 3,6-and/or 3,5- and/or 4,5-dichloro-o-anisic acid, dichlorosalicylic acid and isomers; dimersol caustic containing complex organics, aluminum, and nickel; dinitrobutyl phenol; EDTA solution; endrin; ethylacetate; hexachlorocyclopentadiene process wastes; hydrochloric acid solutions; hydroxyacetic-formic acid; malathion; melamine; mercaptobenzothiazole; methyl parathion; nitric acid solution; Norfluorazon tars containing 3(2H)-pyridazinone, and 4-chloro-5-(methylamino)-2-(alpha, alpha, alpha-trifluoro-m-tolyl);     PCL hex bottoms containing hexachlorocyclopentadiene, octachlorocyclopentadiene, hexachlorobenzene, and chlorinated polymeric compounds; perchloroethylene; permethrin process wastewaters containing permethrin, permethrin acid, and permethrin acid esthers; pesticide bags, boxes, and drums containing atrazine, methyl parathion, dinitrophenol, epichlorohydrin, cyanochlorohydrin, and toxaphene; phosphorus pentasulfide; phthalic anhydride and acid; scrubber caustic containing sodium sulfides and mercaptans; sodium hydrosulfide; sodium metasilicate solution; sodium nitrate; sodium sulfide; elemental sulfur, styrene tars, thiofanox residues containing 2-butanone, and 3,3-dimethyl-1-(methyl thio)-o-((methylamino) carbonyl oxime; torak wastes containing phosphorodithioic acid, and S-(2-chloro-1-(1,3-di hydro-1,3-dioxo-2H-isoindol-2-4L) ethyl) O,O-diethyl ester; toxaphene; trisodium phosphate; and other pesticide wastes.

4.

The defendants allowed these hazardous, toxic and carcinogenic materials to escape into the air, surface waters, and ground waters in the community of Bayou Sorrel, Bayou Pigeon and Indian Village, Louisiana through improper storage, handling, treatment, and disposal. The defendants also allowed these hazardous, toxic and carcinogenic materials to leave the site through contamination taken home and into the community via the vehicles used to transport the materials to the site, as well as the contaminated vehicles and clothing of the workers and visitors to the site. Because the site is below sea level, contaminants have spread to the adjacent wetlands and waterways affecting residents of the above named communities, as well as others.

5.

As a direct and proximate result of the defendants' actions in the operation and use of the site,

the escape of the hazardous, toxic and carcinogenic materials, and the continued presence of these same materials, Plaintiffs were caused to suffer exposures resulting in severe, debilitating, and significant injuries and damages.  As a result of such exposures, the Plaintiffs are at a substantial increased risk of developing severe, debilitating, and incurable diseases to include, but are not limited to, cancer and nervous system disorders.  These diseases will result in debilitating and excruciating pain, and possibly death.  These diseases are not readily discoverable by the Plaintiffs without adequate medical monitoring and screening.  The early detection of these malignant conditions are essentially the only chance the Plaintiffs have of surviving these malignant and debilitating diseases. In addition, the Plaintiffs have suffered damages to their property and their surrounding environment through releases and migration of these materials into the air, surface waters, and subterranean soils and waters, as well as through devaluation of their property caused by the stigma attached to the hazardous waste site in their immediate community.

6.

Defendants knew, or should have known, of the hazardous, toxic and carcinogenic nature of the materials sent to the site, as well as the characteristics of the site which rendered the site unsuitable for disposal of said materials,  and that such materials would pose risk and damage to life and property, and, therefore, had a legal duty to ensure that those hazardous, toxic and carcinogenic materials were safely and properly transported, handled, stored, and disposed so as not to expose others to harm therefrom.

7.

The cause in fact of the damages herein sued upon was the negligence and misconduct of the defendants named herein which resulted in the injuries and damages the Plaintiffs now suffer.  These negligent acts and misconduct include the following:

a.   Failure to properly inspect and monitor the sites to insure they were being operated safely and in compliance with State laws and regulations;

b.   Failure to cease sending, or causing to be sent, hazardous, toxic and carcinogenic materials to the sites once it was learned that incidents had occurred which demonstrated that the sites were not being operated safely and in compliance with State laws and regulations;

c.   Failure to warn those exposed to the materials found at the sites of the dangers and damages attendant thereto and allowing the Plaintiffs to be exposed to concentrations of the hazardous and toxic materials where it was reasonably certain that they would suffer adverse health effects as a result of these exposures;

d.   Failure to supervise and/or oversee the operations being carried out at the sites;

e.   Failure to maintain proper regard and concern for the safety and well-being of the Plaintiffs, their animals, and their property during and after the operation of the sites;

f.   Failure to exercise proper control over the handling and disposition of their materials in connection with the operation of the sites so as to insure the safety and health of the Plaintiffs and their property;

g.   Failure to fully disclose to the Louisiana Department of Natural Resources, the Louisiana Department of Health and Hospitals, and the Louisiana Department of Environmental Quality the specific identity of all chemical substances and their degradation products sent to, and resulting at, the sites during its operation, and in connection with the subsequent remedial actions taken at the sites;

h.   Failure to comply with State laws and regulations relating to the shipment, storage, handling, and disposal of hazardous and toxic materials;

i.   Failure to take necessary and reasonable steps to segregate incompatible materials and failure to neutralize the hazardous and toxic materials at the sites;

j.   Failure to take necessary measures to insure that hazardous and toxic materials shipped, handled, stored, and disposed at the sites would not be released into the surrounding environment;

k.   Failure to exercise care in the selection of the sites for shipment, handling, storage, and disposal of hazardous and toxic materials;

l.   Failure to inform the operators of the sites of the reactive, toxic, and hazardous nature of the materials shipped to, handled, stored, and disposed at the sites;

m.   Failure to ensure that the sites' management and personnel were adequately equipped and trained to safely and properly ship, handle, store, and dispose of hazardous and toxic materials;

n.   Failure to ensure that sites' management and workers practiced proper industrial hygiene with regard to decontaminating themselves, their workplace, their clothes, and their vehicles prior to leaving the sites for any reason where said take home contamination resulted in the exposures to other family and community members;

o.   Failure to ensure that the sites had proper security and safety measures to prevent unauthorized personnel, such as neighborhood children, from going onto the site where hazardous, toxic and carcinogenic materials were located;

p.   Other negligent acts and acts of misconduct which will be proven at the trial of this matter.

8.

By reason of the defendants' fault, as described above, and because of the injuries to the Plaintiffs' health resulting in disability and physical harm, Plaintiffs are entitled to damages of (a) past medical expenses and medical expenses which the Plaintiffs prove they will, more likely than not, incur in the future; (b) past and future disability (including loss of earnings or earning capacity); (c) loss of enjoyment of life; and (d) past and future physical and mental pain and suffering in an amount which the evidence may show proper at trial. Plaintiffs and other members of the class are also entitled to damages because they suffer from a reasonable fear of cancer, as well as an increased risk

of cancer as a result of their exposures to the defendants' hazardous, toxic and carcinogenic materials. Furthermore, the plaintiffs suffer property damages related to the escape and migration of hazardous and toxic materials to their property and surrounding environment which, combined with the stigma attached to the existance of the hazardous waste site in their community, has rendered their property unmarketable and has resulted in a taking of their property without compensation for use as a disposal site for the defendants.

9.

Plaintiffs are entitled to class action treatment under Louisiana Rules of Civil Procedure Article 591. The Plaintiffs' individual damages are not substantially different from the damages suffered by other members of the class. Plaintiffs shall fully and adequately protect the interests of the other members of the representative class who are too numerous to be named individually and to individually appear in these proceedings:

(a)  The class and subclasses to be certified are comprised of thousands of individuals who resided and\or worked in the communities of Bayou Sorrel, Bayou Pigeon, and Indian Village, Iberville Parish Louisiana from 1976 to present and who were exposed to the hazardous, toxic and carcinogenic materials enumerated herein above either directly or through contact with workers at the facility. The class shall also include those individuals who own or owned property in the community of Bayou Sorrel, Bayou Pigeon and Indian Village, Louisiana between 1976 and the present. Individual joinder of all parties is not practical.

10.

There is a well defined community of interest in questions of law and the facts affecting the parties to be represented. The claims or defenses of the representative parties are typical of the claims or defenses applicable to the entire class. The questions of law and facts applicable to the entire class predominate over questions which may affect individual members rights to recover for the causes of action as set forth herein.

(a)  All parties who resided and\or worked in the communities of Bayou Sorrel, Bayou Pigeon, and Indian Village, Iberville Parish Louisiana from 1976 to present and who were exposed to the hazardous, toxic and carcinogenic materials either directly or through contact with workers at the facility and, those individuals who own or owned property in the Community of Bayou Sorrel, Bayou Pigeon and Indian Village, Louisiana between 1976 and the present, have a common right to assert a claim against these defendants. There are numerous questions of law or fact including, but

not limited to: (1) when the defendants knew or should have known the site was not safely and properly operated and inadequate for the purposes of treatment, storage, and disposal of hazardous and toxic wastes; (2) whether the defendants timely and adequately warned the Plaintiffs of the hazards and damages associated with exposures to their materials; (3) whether the defendants improperly transported, stored, handled, and disposed of hazardous and toxic materials; (4) whether the defendants were negligent; (5) whether the defendants acted timely and appropriately to prevent the damages caused by their hazardous and toxic materials released from the site; and (6) whether punitive damages should be imposed against the defendants for their wanton and careless disregard for human health and safety in their handling, transportation and disposal of hazardous and toxic materials.

11.

The Plaintiffs will fairly and adequately represent and protect the interests of the class in that they have no interests which are antagonistic to the absent members of the class. The Plaintiffs are represented by experienced and capable counsel who have previously litigated numerous personal injury cases, mass tort and class action cases, and cases involving hazardous and toxic material exposure.

12.

The prosecution by individual class members would create a serious risk of inconsistency or varying adjudications which may prejudicially affect the claims of other class members in subsequent litigation. The prosecution of individual actions presents a risk that adjudications respecting individual claimants would not entirely be dispositive of the interests of class members not parties to the litigation or would otherwise substantially impair or impede the ability of class members to protect their interests. The class action is a superior procedural device for this litigation because the primary objective of the class action, the economies of time, efforts and expense, would be achieved.

13.

Early detection and intervention in the case of cancer is absolutely essential to successful treatment and, therefore, class action adjudication of this matter would provide the necessary mechanism to expedite recovery of funds needed to establish a medical monitoring and treatment

program.

14.

In addition to bringing this action on their own behalf, Plaintiffs also bring this action, on each theory of liability set forth in this Petition, as representative of the class of persons who have been exposed to, and suffered damages, as a result of the transportation, handling, storage, and disposal of hazardous and toxic materials to and at the sites.

15.

The defendants are considered experts in the area of generating, transportation, handling, storage, and disposal of hazardous and toxic materials. As such, they are held to a higher degree of care and duty. These defendants knew that the site was inadequately designed, constructed, situated, managed, and operated, yet they continued to utilize the site for the storage and disposal of their hazardous and toxic materials and, therefore, are strictly liable to the Plaintiffs for their injuries and damages for the following reasons:

1.   The defendants' products were unreasonably dangerous per se;

2.   The defendants' products were unreasonably dangerous in design, construction or composition;

3.   The defendants' products were unreasonably dangerous due to inadequate warnings.

The defendants possessed information uniquely available to them relating to the dangerous effects of continued and past exposure to their hazardous and toxic materials, yet, they have refused or neglected to provide such information to the Plaintiffs or to the public at large. The defendants have absolutely failed to advise and warn persons such as the plaintiffs of the need for continued and regular health monitoring due to their exposures. Such failure to advise has resulted in the increased risk that plaintiffs' diseases and cancers are now incurable.

16.

In addition to general and special damages, the Plaintiffs and other class members, pursuant to LSA-R.S. 2315.3, are entitled to an award of exemplary damages as a result of injuries which were caused by the defendants' willful, wanton, reckless and intentional disregard for their safety and the public safety in the storage, handling, transporting, and disposal of hazardous and toxic materials.

17.

At all pertinent times there was in full force and effect policies of comprehensive general liability insurance and/or environmental liability insurance which included excess liability policies, issued by the defendant insurance companies named herein, to and in favor of the defendants, which policies afford coverage for liability of the nature asserted herein against the defendants, and which policies inure, *inter alia*, to the benefit of plaintiffs under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655, thereby entitling plaintiffs to maintain this direct action against said defendant insurers, and thereby rendering said defendant insurers liable, in solido, with the other defendants to plaintiffs for damages as sued for herein.

WHEREFORE, Plaintiff, on her own behalf and on the behalf of others similarly situated, demand judgment against the defendants, and pray for the following relief:

I.  That an Order be entered herein certifying this action and maintaining this action as a class action on behalf of individuals who resided and worked in the communities of Bayou Sorrel, Bayou Pigeon, and Indian Village, Iberville Parish Louisiana from 1976 to present and who were exposed to the hazardous, toxic and carcinogenic materials enumerated herein above. The class shall also include those individuals who own or owned property in the community of Bayou Sorrel, Louisiana between 1976 and the present.

II.  In favor of the Plaintiffs, and members of the class as defined herein above, and against all defendants named herein, in solido, for damages as may be reasonable in the premises in accordance with the law and the evidence, for Plaintiffs' personal injury, physical pain and suffering, and mental anguish claims;

III.  In favor of the Plaintiffs, and members of the class as defined herein above, and against all defendants named herein, in solido, for damages as may be reasonable in

the premises in accordance with the law and the evidence, for Plaintiffs' past, present and future medical expenses, fear of cancer, and their increased risk of contracting cancer;

IV.    Awarding the Plaintiffs and members of the class as defined herein above, exemplary damages for the defendants' wanton and reckless disregard for public safety in the handling of hazardous and toxic substances;

V.    Granting the Plaintiffs and members of the class as defined herein above, legal interest on all awards of damages from date of judicial demand until paid and casting defendants, in solido, with all costs of these proceedings, including legal interest on all court costs paid by Plaintiffs; and

VII.    All other equitable and legal relief.

Respectfully submitted,

**LAW OFFICE OF GAUTHIER & MURPHY**

By: _____

WENDELL H. GAUTHIER, Bar Roll No.
3500 North Hullen Street
Metairie, Louisiana 70002
(504) 456-8600

LAW OFFICE OF STEPHEN M. IRVING

BY: _____

STEPHEN M. IRVING, Bar Roll #7170
11420 Airline Hwy. Suite 214
Baton Rouge, La. 70816
(504)295-8200

A TRUE COPY
DATE: May 24, 1996

Deputy Clerk, Ex-officio, Recorder, Iberville Parish, Louisiana

FILED
'96

Please Serve the Following defendants:


Robert Babb
3905 Hwy. 75
St. Gabriel, La 70776


Rollins Environmental Services of LA, Inc.
United States Corporation Co.
203 Corondolet
Suite 811
New Orleans, La 70130

Ciba-Geigy Corporation
Prentice Hall Corporation Systems
203 Corondolet St.
New Orleans, La 70130

Mobil Chemical Corporation
Prentice Hall Corproation Systems
203 Corondolet St.
New Orleans, La 70130

BASF-Wyandotte
C.T. Corporation Systems
8550 United Plaza Blvd.
Baton Rouge, La 70809

Dow Chemical Company
C.T.Corporation Systems
8550 United Plaza Blvd.
Baton Rouge, La 70809

Exxon Chemicals
C.T. Corporation Systems
8550 United Plaza Blvd.
Baton Rouge, La 70809

Thompson-Hayward Chemical Company
C.T. Corporation Systems
8550 United Plaza Blvd.
Baton Rouge, La 70809

Louisiana Power & Light Company
Christopher Screen
639 Loyola Ave. 26th Fl
New Orleans, La 70113

MacKenzie Chemical Works of Louisiana
Livaudais, Livaudais & Miging
3500 Hwy 190
Mandeville, La  70448