FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISI...
FILED

DEC 2 2 2000

97 APR 24  AM 10: 19

ROBERT H. SHE... CLERK

DEPUTY

UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SIGN
RICHARD T. MARTIN
96-CLERK

CV00-2826

JUDGE HAIK
MAGISTRATE JUDGE TYNES

| | | |
|---|---|---|
| CARLTON GENE RINEHEART, | * | C.A. NO.: |
| KAREN ANN RINEHEART, | * | |
| GLEN EDWARD RINEHEART, | * | DIVISION:  B |
| NANCY RINEHEART, | * | |
| KIRBY RINEHEART, | * | MAGISTRATE: 2 |
| AND BARBARA JANE RINEHEART | * | |
| | * | |
| VERSUS | * | |
| | * | |
| CIBA-GEIGY CORPORATION, ET AL. | * | |
| | * | |

*********************************************************************

## ANSWER OF TRANSAMERICAN REFINING CORPORATION TO SECOND AMENDED COMPLAINT

TransAmerican Refining Corporation (hereinafter "TransAmerican"), responds to the allegations set forth in the Plaintiff's Second Amending Complaint as follows:

### FIRST DEFENSE

The plaintiffs' claims are prescribed under State Law and barred by the applicable Statutes of Limitation and/or the equitable doctrine of Laches under Federal Law.

### SECOND DEFENSE

The plaintiff's state law claims are preempted by Federal Law.

### THIRD DEFENSE

Some or all of the named plaintiffs and proposed class members have failed to state a claim upon which relief can be granted against TransAmerican.



252

| ACTION | INITIALS | DOCKET # |
|---|---|---|
| PROCESSED | | |
| CHARGED | | 299 |

### FOURTH DEFENSE

Some or all of the named plaintiffs and proposed class members do not have a right of action against TransAmerican.

### FIFTH DEFENSE

The plaintiffs have failed to join an indispensable party or parties to the litigation.

### SIXTH DEFENSE

The plaintiffs have no basis for seeking punitive or exemplary damages from TransAmerican under LSA-R.S. 2315.3 as:

1.    The statutory provision providing for exemplary or punitive damages did not come into effect until after plaintiffs' alleged damages occurred; and/or

2.    The statutory provision pursuant to which plaintiffs seek punitive or exemplary damages was repealed; and/or

3.    The statutory provision pursuant to which plaintiffs seek punitive or exemplary damages is in violation of the provisions of both the Louisiana and United States Constitutions.

### SEVENTH DEFENSE

Some or all of the named plaintiffs and proposed class members assumed the risks inherent in proximity to the alleged sites at issue and/or were contributorily negligent in failing to take appropriate action to prevent the alleged exposure and/or harm to their persons and property.

-2-

## EIGHTH DEFENSE

Some or all of the plaintiffs and proposed class members have failed to mitigate their damages.

## NINTH DEFENSE

The plaintiffs have improperly joined parties to the litigation and/or cumulated actions.

## TENTH DEFENSE

Care, custody, control or "guard" of any alleged waste generated by TransAmerican was placed with an independent contractor for transportation and disposal.  The actions or inactions of the transporter, operator and/or owner of the waste disposal facility represent an intervening and superseding cause so as to relieve TransAmerican of any liability for disposing of its waste with such party or parties.

## ELEVENTH DEFENSE

TransAmerican's liability should be joint and several with all parties who are found, if any, to be at fault and liable to plaintiffs and TransAmerican should be liable only for that portion of damage to plaintiffs person and property for which it is responsible.

## TWELFTH DEFENSE

TransAmerican's disposal of waste with an independent contractor at one or more of the Bayou Sorrel sites represented a "state of the art" disposal of such materials for which TransAmerican cannot now be held liable.

## THIRTEENTH DEFENSE

The plaintiffs' damages were not caused by any action or inaction of TransAmerican.

## FOURTEENTH DEFENSE

The plaintiff's claims are not appropriate for and cannot be certified as a class action.

## FIFTEENTH DEFENSE

The plaintiff's claims are in contravention to and represent a collateral attack on the consent decree entered in <u>United States of America and State of Louisiana v. Allied Corporation, et al</u>, CA No. 88-237-A, USDC, M.D. of La.

## SIXTEENTH DEFENSE

The plaintiffs' claims are barred by the Doctrine of res judicata and accord and satisfaction pursuant to the settlement entered into in <u>Melvin J. Seneca, et al v. Clean Land, Air, Water Corporation, et al</u>, No. 23,367 Div. B, 18th JDC, Parish of Iberville.

## SEVENTEENTH DEFENSE

The plaintiffs' claims against TransAmerican are barred by res judicata and accord and satisfaction pursuant to the landowner's settlement agreement entered into in <u>United States of America and State of Louisiana v. Allied Corporation, et al</u>, CA No. 88-237-A, USDC, M.D. of La.

-4-

**EIGHTEENTH DEFENSE**

The plaintiffs' claims against TransAmerican were discharged in Bankruptcy.

**AND NOW,** in response to the specific allegations of the Complaint as amended by plaintiffs in their Second Amending Complaint, TransAmerican responds as follows:

1.

TransAmerican denies for lack of sufficient information any allegations of fact stated in paragraph 1, subparagraphs 1-20 and 22-84 of the Second Amending Complaint which relate to other defendants for lack of sufficient information with which to justify a belief. TransAmerican admits that it is a foreign corporation authorized to do and doing business in the State of Louisiana.

2.

TransAmerican denies the allegations set forth in paragraph 2 of the Second Amending Complaint for lack of sufficient information with which to justify a belief.

3.

TransAmerican denies the allegations set forth in paragraph 3 of the Second Amending Complaint for lack of sufficient information with which to justify a belief.

4.

Transamerican denies the allegations of Paragraph 4 of the Second Amending Complaint.

-5-

5.

TransAmerican denies the allegations of paragraph 5 of the Second Amending Complaint.

6.

TransAmerican denies the allegations of paragraph 6 of the Second Amending Complaint.

7.

TransAmerican denies the allegations of paragraph 7, subparagraphs a-p of the Second Amending Complaint.

8.

TransAmerican denies the allegations of paragraph 8 of the Second Amending Complaint.

9.

TransAmerican denies the allegations of paragraph 9 of the Second Amending Complaint.

10.

TransAmerican denies the allegations of paragraph 10 of the Second Amending Complaint.

11.

TransAmerican denies the allegations of paragraph 11 of the Second Amending Complaint.

12.

TransAmerican denies the allegations of paragraph 12 of the Second Amending Complaint.

13.

The allegations of fact in paragraph 13 of the Second Amending Complaint are denied for lack of sufficient information with which to justify a belief.

14.

The allegations of paragraph 14 of the Second Amending Complaint are denied.

15.

The allegations of paragraph 15 of the Second Amending Complaint are denied as constituting conclusions of law. To the extent that that paragraph also states allegations of fact, they are also denied.

16.

The allegations of paragraph 16 of the Second Amending Complaint are denied as constituting conclusions of law. To the extent that that paragraph also states allegations of fact, they are also denied.

17.

The allegations of paragraph 17 of the Second Amending Complaint are denied to the extent that they constitute conclusions of law and are denied to the extent that they constitute allegations of fact for lack of sufficient information with which to justify a belief.

**WHEREFORE,** TransAmerican asked that this court find its answer to be due and sufficient and that it render judgment in its favor denying plaintiffs' claims, denying certification of a class and

-7-

awarding TransAmerican all costs of this proceeding and other general and equitable relief.

Respectfully submitted,

M. GRACE RATNESAR     (#18395) (T.A.)
KEITH MATULICH        (#21749)
CAMPBELL, MCCRANIE, SISTRUNK,
    ANZELMO & HARDY
3445 N. Causeway Blvd., Suite 800
Metairie, Louisiana  70002
Telephone:  (504) 831-0946
COUNSEL FOR TRANSAMERICAN REFINING
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been sent to all counsel of record, postage pre-paid, this 2nd day of April, 1997.

M. GRACE RATNESAR

–8–